**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| JULIUS ESENI, *et al*, | * | |
| | * | |
| | * | |
| Plaintiffs, | * | |
| | * | Civil Action No. AW-07-2384 |
| v. | * | |
| | * | |
| RIMSI CORPORATION, *et al*, | * | |
| | * | |
| | * | |
| Defendants. | * | |

**************************************************************************

**MEMORANDUM OPINION**

Plaintiffs Julius Eseni and Denis Nyambi ("Eseni" or "Nyambi" or "Plaintiffs") bring this action against Defendants RIMSI Corporation ("RIMSI"), Laurel Square Apartments, LLC ("Laurel"), Experian Information Solutions, Inc. ("Experian"), and Trans Union Credit Information, Co. ("Trans Union"), alleging defamation and libel as well as violations of the Maryland Consumer Protection Act (MdCPA), Md. Code, § 13-401 *et seq.*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1631 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Currently pending before the Court are Defendant Laurel's Motion to Dismiss or, in the alternative, for Summary Judgment (Docket No. 11) and Defendant Equifax's Partial Motion to Dismiss (Docket No. 15). Plaintiffs have not responded to either of these motions, and the time for Plaintiffs' opposition has expired, thus making these motions ripe for review. The Court has reviewed the entire record as well as the pleadings with respect to the instant motions and finds that no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated more fully below, the Court will GRANT both Defendants' Motions.

1

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are taken in the light most favorable to Plaintiffs.  Plaintiffs Eseni and Nyambi were tenants of an apartment complex now currently owned by Defendant Laurel, from 2004 until 2006.  At no time during their stay at the apartment complex were they ever behind in rent payments or owed any outstanding amount.  In early 2007, Plaintiff Eseni discovered that there had been false information on his credit report after he was denied a home loan.  His loan application had been denied as a result of an unpaid item which was reported by a credit bureau.  Subsequently, through cancelled checks and other receipts, Plaintiffs were able to prove that they were in fact not in default of their rental payments,.

On March 7, 2006, Laurel filed a lawsuit against Plaintiffs for failure to pay rent in the amount of $1,326.00 with the Circuit Court of Maryland for Prince George's County, and obtained a judgment against Plaintiffs without ever serving them with a complaint.  Plaintiffs had maintained that the Judgment for Possession was filed in error, but nonetheless, the judgment was entered against Plaintiffs, and that information was transmitted to several credit bureaus, namely Defendants Equifax, Experian, and Trans Union by RIMSI, the former managing agent of the previous owners of the apartment complex – Laurel Square Investors Limited Partnership.  Realizing its error, RIMSI then filed a Motion to Vacate Judgment with the Circuit Court.  On March 2, 2007, RIMSI notified the Defendant credit bureaus that the Judgment for Possession was indeed filed in error and that it should not affect Plaintiffs' credit in any way.  In April 2007, Plaintiffs contacted the credit bureaus requesting them to remove the delinquent account from their record.

At the time of the filing of this complaint, the delinquencies had not been removed from Plaintiffs' credit file.  As a result of this faulty reporting, Plaintiffs have suffered emotional distress

and economic losses, including the inability to establish a credit history or procure loans at affordable rates.  Thereafter, on July 13, 2007, Plaintiffs filed this action in the Circuit Court for Prince George's County, appearing to allege claims of defamation and libel as well as violations of the MdCPA, the FCRA and the FDCPA.  On August 6, 2007, Defendants Equifax, Experian, Trans Union, and Laurel properly removed this action from the Circuit Court to this Court pursuant to 28 U.S.C. §§1441 and 1446 and Local Rule 103.5.[1]

## STANDARD OF REVIEW

*Motion to Dismiss, Fed. R. Civ. P. 12(b)(6)*

A court must deny a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief."  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In determining whether to dismiss a complaint pursuant to Rule 12(b)(6), this Court must view the well-pleaded material allegations in the light most favorable to the plaintiff and accept the factual allegations contained within the plaintiff's complaint as true.  *See Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997) (*citing Estate Constr. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 217-18 (4th Cir. 1994)); *Chisolm v. TranSouth Finan. Corp.*, 95 F.3d 331, 334 (4th Cir. 1996).

The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation."  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citing *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981)); *Young v. City of Mount Ranier*, 238 F.3d 576, 577 (4th Cir. 2001) (the mere "presence ... of a few conclusory legal terms does not insulate a complaint from dismissal

---

[1] At the time of removal, RIMSI had not been served with the Complaint.

under Rule 12(b)(6)"). Nor is the Court "bound to accept [Plaintiff's] conclusory allegations regarding the legal effect of the facts alleged." *United Mine Workers of Am. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1994); *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

Therefore, a complaint may be dismissed as a matter of law only if it lacks a cognizable legal theory *or* if it alleges insufficient facts to support a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984) (citing 2A J. Moore, Moore's Federal Practice ¶ 12.08 at 2271 (2d ed. 1982)).

*Summary Judgment, Fed. R. Civ. P. 56(e)*

A party is entitled to summary judgment if the evidence in the record "shows that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(e). In a motion for summary judgment, the moving party discharges its burden by showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence. *Masson v. New Yorker Magazine*, 501 U.S. 496, 520 (1991) (internal citations omitted). However, the party who bears the burden of persuasion on a particular claim must present legally sufficient evidence to support each element of his claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or other similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). While the evidence of the nonmoving party is to be believed and all justifiable inferences drawn in his or her favor, a party cannot create a genuine

dispute of material fact through mere speculation or compilation of inferences.  *See Deans v. CSX Transp., Inc.,* 152 F.3d 326, 330-31 (4th Cir. 1998).

## ANALYSIS

*Defendant Laurel's Motion to Dismiss or, in the alternative, for Summary Judgment*

As an initial matter, because Laurel has attached additional documents[2] to its brief in support of its motion, the Defendant's motion should be treated as one for summary judgment.  If a motion asserts a Rule 12(b)(6) defense, to dismiss for failure to state a claim upon which relief can be granted, and "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(b)(6); *see Laughlin v. Metro. Washington Airports Auth.,* 149 F.3d 253, 260-61 (4th Cir.1998); *Talbot v. U.S. Foodservice, Inc.,* 191 F. Supp. 2d 637, 639 (D. Md. 2002).  Here, as the Court has consulted extrinsic documents that are not relied upon by the Plaintiffs in their Complaint, the motion must be treated as a motion for summary judgment.

Defendant Laurel's main argument in support of its Motion to Dismiss, now Motion for Summary Judgment, is that it is not a proper party to this action.  Laurel further asserts that even accepting Plaintiffs' allegations as true, Laurel would still be entitled to judgment as a matter of law because it was not involved in obtaining the state court judgment against Plaintiffs nor did it report the false information to the credit bureaus.

Plaintiffs' claims against Defendant Laurel are based on the improper execution of the state court judgment of Plaintiffs' failure to pay rent and the reporting of that judgment, which negatively

---

[2]  These documents include Exhibit A – the Special Warranty Deed, dated June 23, 2006, conveying the property from Laurel Investors Limited Partnership (Grantor) to Defendant Laurel (Grantee); Exhibit B – Affidavit of Ryan Ogden, Senior Vice President for Defendant Laurel; and Exhibit C – Corporate Charter Approval Sheet and Limited Liability Company Registration for Defendant Laurel.

affected Plaintiffs' credit history.  The actual judgment was obtained by Defendant RIMSI, who was an agent of the previous owner – Laurel Investors Limited Partnership. *See* Exhibits A and B. Therefore, Defendant Laurel, who did not own the property at that time or was affiliated with the apartment complex, could not have reported or caused any false information to be transmitted to the Defendant credit bureaus nor could have violated any state or federal laws relating to the transmission of this information.

Additional evidence presented by Defendant Laurel further suggests that they are indeed an improper party to this case.  Laurel was not in existence at the time the alleged wrongs occurred. Laurel was formed under the laws of Delaware on April 28, 2006, and was officially registered for business as a limited liability company in the state of Maryland on May 11, 2006, approximately two months after the Judgment for Possession was entered against Plaintiffs. *See* Exhibit C.

Furthermore, Defendant Laurel was not involved in the operation, management, or ownership of the apartment complex at the time the alleged acts occurred.  Laurel purchased the apartment complex from the previous owner on June 23, 2006, more than three months after the judgment and reporting took place. *See* Exhibit A.  Also, at no time since Laurel had purchased the apartment complex did Defendant RIMSI act as its managing agent nor was Defendant Laurel ever affiliated with the previous owners of the apartment complex, Laurel Square Investors Limited Partnership. *See* Exhibit B.  As a result, any actions of RIMSI cannot be imputed to Laurel, but only to the previous owner.

Since Plaintiffs have not filed any response to Defendant Laurel's Motion and in the absence of any legal or factual basis presented by the Plaintiffs to demonstrate that Defendant Laurel assumed any liability or should be held liable in the action, the Court agrees with Defendant Laurel

that it is an improper party, and thus, should be dismissed from this action.  Defendant Laurel has carried its burden, and Plaintiffs have not put forth any evidence and have failed to show any genuine dispute of material fact with regards to Defendant Laurel.  Therefore, the Court will grant Defendant Laurel's Motion for Summary Judgment.[3]

*Defendant Equifax's Partial Motion to Dismiss*

In their complaint, Plaintiffs allege that Defendants, by falsely reporting and transmitting information regarding their credit histories, violated state and federal statutes, namely the MdCPA, the FCRA, and the FDCA.  In addition to money damages and attorney's fees, Plaintiffs specifically request an injunction requiring Defendants to delete all of the inaccurate information from Plaintiffs' credit reports and files and "permanently cease and desist from the dissemination of deleterious credit information on their account that is inaccurate or obsolete" to any and all persons and entities to which they report consumer credit information. *See* Plts.' Cmplt., ¶ 9.

Defendant Equifax argues that the Court must dismiss Plaintiffs' request for declaratory and injunctive relief because a private plaintiff cannot seek declaratory or injunctive relief under the FCRA.[4]

Sections 1681$n$ and 1682$o$ of the FCRA prescribe the potential civil liability ability for noncompliance with the FCRA.  This "liability" is referred to in the statute as damages and attorney's fees; it does not mention anything regarding injunctive or declaratory relief. 15 U.S.C.

---

[3]  If during the discovery process that sufficient facts are developed which point to a cognizable claim for relief against Defendant Laurel, then the Court will consider any requests to bring them in as a party.  However, at this time, the Court will dismiss the complaint against Defendant Laurel without prejudice in the event that more facts are uncovered during discovery as to their involvement.

[4] Although Defendant does not include the FDCPA in its Partial Motion to Dismiss, declaratory and injunctive relief is likewise unavailable to a private plaintiff under that statute. 15 U.S.C. § 1692$k$ and §1692$l$; *see Sibley v. Fulton DeKalb Collection Serv.*, 677 F.2d 830, 834 (11th Cir. 1982); *see Zanni v. Lippold*, 119 F.R.D. 32, 33-34 (C.D. Ill. 1988) (holding no private right of injunctive relief under the FDCPA); *see also Strong v. National Credit Management Co.*, 600 F.Supp. 46, 46-47 (E.D. Ark. 1984); *see also Duran v. Credit Bur. Of Yuma, Inc.*, 93 F.R.D. 607, 608-09 (D. Ariz. 1982).

§§ 1681*n* – 1681*o*.  The omission of injunctive relief in those sections is significant because Congress expressly authorized equitable relief under section 1681*s*(a), which is to be enforced by the Federal Trade Commission ("FTC").  *See* 15 U.S.C. § 1681*s*(a) ("Compliance with the requirements imposed under [the FCRA] shall be enforced under the Federal Trade  Commission Act … by the Federal Trade Commission.").

Moreover, several courts have interpreted the FCRA as not allowing private injunctive relief for violations under the FCRA. *Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 268 (5th Cir. 2000) (holding that "Congress vested the power to obtain injunctive relief [under the FCRA] solely with the FTC."); *Poulson v. Trans Union, LLC*, 370 F.Supp.2d 592, 593 (E.D. Tex. 2005); *Mangio v. Equifax, Inc.* 887 F.Supp. 283, 285 (S.D. Fla. 1995); *In re Trans Union Corp. Privacy Litig.*, 211 F.R.D. 328, 340 (N.D. Ill. 2002).  Lastly, to the extent that state law and common law are inconsistent or conflict with the FCRA, the FCRA preempts those claims as well. *See* 15 U.S.C. § 1681*t*(a); *Poulson*, 370 F.Supp.2d at 593.

Therefore, the Court will grant Defendant Equifax's Partial Motion to Dismiss and deny Plaintiffs' claims for injunctive relief.

### CONCLUSION

For the reasons stated above, the Court will GRANT Defendant Laurel's Motion for Summary Judgment and GRANT Defendant Equifax's Partial Motion to Dismiss.  An Order consistent with this Memorandum Opinion will be filed separately.


December 6, 2007                                                            /s/
Date                                                    Alexander Williams, Jr.
                                                        United States District Judge